## JOHN BURNETT *v.* STATE OF MISSISSIPPI.

### [46 South., 248.]

1. CRIMINAL LAW AND PROCEDURE. *Murder. Malice aforethought. Instructions.*

> Where the state's theory in a murder case was that defendant had deliberately and wilfully shot, from the outside of the house through a window, into a room crowded with wedding guests, striking and killing deceased, the accused is entitled to have the jury instructed that malice aforethought is a necessary ingredient of murder.

2. SAME. *Counter instruction. Presumption.*

> The state in such case would be entitled to a counter instruction to the effect that malice aforethought might be presumed from proof of the shooting and killing.

FROM the circuit court of Franklin county.

HON. MOYSE H. WILKINSON, Judge.

Burnett, appellant, a negro, was indicted and tried for the murder of one Robert Turner, was convicted and sentenced to the penitentiary for life and appealed to the supreme court.

The killing occurred at a negro wedding where a large crowd of colored people had congregated. A difficulty arose between two of the guests, and several shots were interchanged. According to the state's testimony, appellant stood outside of the house, and shot through a window into a crowded room, the bullet from appellant's pistol striking Turner and killing him. Appellant's defense was an *alibi*. The instructions referred to in the opinion are as follows:

"No. 1. The court instructs the jury for the defendant that malice aforethought is a necessary element in a charge for murder, and unless you believe from the evidence in this case beyond all reasonable doubt that the defendant John Burnett, willfully, unlawfully, feloniously, and of his malice aforethought shot and killed Robert Turner, then you must acquit the defendant."

"No. 2. The question in the case is whether defendant stood near the window on the gallery of the house as sworn to by witnesses,.and with his malice aforethought shot and killed Robert Turner, and if there is a reasonable doubt as to whether he did this or not, you should find the defendant not guilty."

*Clem V. Ratcliff,* for appellant.

The court below erred in not granting the first and second instructions asked by appellant. The jury should be allowed to determine whether a homicide was committed willfully, feloniously and of malice aforethought. Bishop Crim. Law, 384; *Green* v. *State,* 28 Miss., 687; *Head* v. *State,* 44 Miss., 741; *Evans* v. *State,* 44 Miss., 762; *Hawthorne* v. *State,* 58 Miss., 778; *Bishop* v. *State,* 62 Miss., 289.

*George Butler,* assistant attorney-general, for appellee.

The vice in the first instruction asked by appellant is that by it the appellant sought to have the jury advised that premeditated design to cause the death of Turner, or at least to cause him some bodily harm, was a necessary ingredient of the crime. *Strickland* v. *State,* 81 Miss., 134, 32 South., 921; *Wood* v. *State,* 81 Miss., 408, 33 South., 285. Under the statutes of our state it is not necessary that the state should show in evidence a deliberation or premeditated intent on appellant's part to kill the deceased. If the dangerous act is proved to have been done maliciously, and death ensues from such act, the crime is murder. Appellant cannot be heard to say that he did not intend, in shooting, to commit murder. If he admits the act, he admits the crime. Wharton on Homicide, 104, 121, 189; *Gordon* v. *State* (Miss.), 29 South., 529.

CALHOON, J., delivered the opinion of the court.

It was error to refuse instructions Nos. 1 and 2 asked by the defense. Every person charged with murder is entitled to have the jury pass on whether the killing was done willfully, feloni-

ously, and of his malice aforethought. On certain facts, the law sometimes presumes malice, but these facts must exist to supply the presumption, and the jury alone can determine the existence of these facts. The state may explain these, if it chooses, in counter charges, but the accused is none the less entitled to the instruction that malice aforethought must exist.

*Reversed and remanded.*

